UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Octavio Paez-Ortiz, | : | Criminal No. ~~02-CR-16646-AA~~ 02-00085.CG |
| Petitioner, | : | Civil No. 04-0713.CG |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondant. | : | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE
UNDER 28 U.S.C. §2255

AND NOW COMES Octavio Paez-Ortiz, petitioner pro se and hereby respectfully moves this Honorable Court to issue an ORDER to show cause upon the United States Attorney for the Southern District of Alabama to respond to petitioner's material allegations of ineffective assistance of counsel and actual innocence claims.

As grounds for this motion, petitioner submits the following:

I. CASE HISTORY

A grand jury returned a three count indictment against petitioner alleging violations of 18 U.S.C. §1952(a)(3), interstate transportation in aid of racketeering (Count Three), 21 U.S.C. §846, Conspiracy to possess with Intent to Distribute Cocaine (Count One), and 21 U.S.C. §841, Possession with Intent to Distribute Cocaine (Count Two).

A jury returned guilty verdicts as to all counts. At the sentencing, the district court, using preponderance of the evidence, sentenced

-1-

petitioner to 151 months on the drug counts (Counts One and Two), and 60 months to run concurrently.

Petitioner appealed. On October 30, 2003, the United States Court of Appeals for the Eleventh Circuit affirmed the judgment of the district court.

II. ISSUE

Petitioner presents two issues in this §2255 motion: 1) Whether counsel was ineffective for failing to advise petitioner of the overwhelming evidence against him and erroneously advised him to proceed to trial instead of encouraging him to plea guilty which would have significantly reduced his sentence, and 2) Whether petitioner is actually innocent of the elements of the offense that exposed him to a life sentence.

### ISSUE -I

**WHETHER COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVISE PETITIONER OF THE OVERWHELMING EVIDENCE AGAINST HIM AND ERRONEOUSLY ADVISED HIM TO PROCEED TO TRIAL INSTEAD OF ENCOURAGING HIM TO PLEAD GUILTY WHICH WOULD HAVE SIGNIFICANTLY REDUCED HIS SENTENCE.**

A. Rule of Law

A defendant claiming ineffective assistance of counsel must show: 1) that counsel's representation fell below an objective standard of reasonableness, and 2) that counsel's deficient performance prejudiced defendant. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000)(quoting Strickland v. Washington, 466 U.S. 668 (1984)).

In this case, counsel failed to inform petitioner of the overwhelming evidence against him and erroneously advised him to proceed to trial instead of encouraging him to pursue a plea of guilty which would have resulted in a sentence of a mandatory minimum of 120 months.

Petitioner submits that counsel's representation was deficient in that he failed to discuss any plea offer or possible plea that would have resulted in a significantly reduced sentence. A defendant has the right to make a reasonably informed decision whether to accept a plea offer. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985)(voluntariness of guilty plea depends on adequacy of counsel's advice). Moreover, knowledge of the sentence exposure between standing trial and accepting a plea offer is often crucial to the discussion of whether or not to accept that offer.

B. Applicability

Applying the Supreme Court precedent governing communication of plea offers to defendants, petitioner submits that counsel was ineffective for failing to communicate a plea offer. See Diaz v. United States, 930 F.2d 832 (11th Cir. 1991). In his detailed and specific affidavit, petitioner submits that: 1) If he would have known of a plea offer that would have resulted in a significantly reduction in sentence, he would have accepted it; 2) any proposed offer that was more favorable than the sentence received if lost at trial is more favorable; and 3) He was never advised by counsel to accept any plea or agree to plead guilty for a lesser sentence, but instead proceeded to trial at counsel advice.

C. Conclusion

The remedy for such a violation "should be tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe upon competing interests." United States v. Morrision, 499 U.S. 361, 364 (1981). And petitioner requests to be allowed an opportunity to plead guilty to the indictment and sentenced accordingly.

## ISSUE -II

**WHETHER PETITIONER IS ACTUALLY INNOCENT OF THE ELEMENTS OF THE OFFENSE THAT EXPOSED HIM TO A LIFE SENTENCE.**

A. Rule of Law

This case has been deeply affected by the continuing and fundamental evolution in how defendants charged with drug crimes must be sentenced. What caused the change, of course, was the Supreme Court's declaration in Apprendi v. New Jersey, 530 U.S. 466 (2000), which intimated that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. 2348.

B. Applicability

In this case, petitioner submits that the jury was never instructed that they had to find drug quantity in its charge. Petitioner never admitted to any amounts as alleged in the indictment. Therefore, pursuant to the Drug Abuse Prevention and Control Act of 1970, and Apprendi, petitioner is actually innocent of the elements (drug quantity) that exposed him to a life sentence at the sentencing phase of his trial and a sentence of 151 months.

C. Conclusion

Counsel never objected to the district court's use of the preponderance of the evidence using relevant conduct at the sentencing to determine drug quantity. This failure to object resulted in a missed opportunity to preserve any Apprendi claim for appellate review. Counsel should have argued that petitioner is actually innocent of the elements of the offense that exposed him to a life sentence without jury verdict, or argued that

drug quantity that increased his sentence should have "gone to the jury" or should have been proven beyond a reasonable doubt. See United States v. Candelario, 240 F.3d 1300, 1304 (11th Cir. 2001).

In Dugger v. Adams, 489 U.S. 401 (1989), the Supreme Court declared that "if one is actually innocent" of the sentence imposed, a federal habeas court can excuse the procedural default to correct a fundamentally unjust incarceration. Wherefore, petitioner respectfully submits that he believes it appropriate to remand this case to the district court to permit him to attempt to make a showing of actual innocence. See Bousley v. United States, 523 U.S. 614, 623 (1998).

**PRAYER**

WHEREFORE, Petitioner Octavio Paez-Ortiz, prays to this Honorable Court for the following relief:

A) An ORDER TO SHOW CAUSE to be directed upon the U.S. Attorney for the Southern District of Alabama to respond to the allegations contained herein;

B) An ORDER remanding this case to the district court for an evidentiary hearing on the issue(s) presented herein and test the truth of the allegations in petitioner's 28 U.S.C. §1746 Certification;

C) An ORDER remanding this case to the district court for an evidentiary hearing on petitioner's "actual innocence" claim with respect to the enhanced statutory and sentencing exposure, Bousley, 523 U.S. at 623;

    1. If any said evidentiary hearing(s) are ORDERED on the above claims, appointment of counsel is requested pursuant to 18 U.S.C. §3006A(2)(B);

D) Upon said evidentiary hearing on whether counsel was ineffective for failing to encourage petitioner to plead guilty for a more favorable sentence, allow petitioner to accept a more favorable plea offer;

E) Upon conclusion that petitioner is actually innocent of the elements of the offense that increased his sentencing exposure, resentence petitioner to a sentence without said increased exposure;

F) Any such other and further relief this Honorable Court deems just and appropriate in the interest of justice.

Done this 4th day of November, 2004.

Respectfully Submitted,

Octavio Paez-Ortiz - Pro Se
Reg. No. 08090-003
LSCI Allenwood
P.O. Box 1000
White Deer, PA  17887-1000